UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-21177-CIV-MORENO

EDWIN BASIL FERRUFINO SANCHEZ,
and all others similarly situated under 29
U.S.C 216(b),

    Plaintiff,

v.

PIZZA POINT I, INC., and
ASHWANI KUMAR,

    Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, PIZZA POINT I, INC., and ASHWANI KUMAR, by and through their undersigned counsel hereby files their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. Paragraph 1 is a legal preamble and therefore, does not require a response. However, in an abundance of caution, Defendants deny the paragraph.

2. Without knowledge, and, therefore, denied.

3. Admitted that Defendant PIZZA POINT I, INC., is a Florida Corporation with its principal place of business within Miami-Dade County, Florida. Denied as to the remainder of the allegations in this paragraph.

4. Admitted that Defendant Kumar is the owner of Defendant Pizza Point. Denied as to the remainder of the allegations in this paragraph.

5. Denied.

6. Denied.

7. Admitted that this action arises under the laws of the United States. Denied as to the remainder of the allegations in this paragraph.

8. Admitted that the court has jurisdiction over this matter, but denied that there is any basis to invoke such jurisdiction.

9. 29 U.S.C. § 207(a)(1) speaks for itself, and therefore, no response is required to this paragraph.

10. Without Knowledge, and, therefore, denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## AFFIRMATIVE DEFENSES

1. As for its First Affirmative Defense, Defendants assert that the Complaint fails to state a cause of action upon which relief can be granted.

2. As for its Second Affirmative Defense, Defendants assert the defense of payment. Defendants properly paid Plaintiff and he is not entitled to the unpaid wages claimed in this action.

3. As for its Third Affirmative Defense, Defendants assert that Plaintiff failed to work overtime hours that were not properly compensated, during his purported employment period with Defendants.

4. As for its Fourth Affirmative Defense, Defendants assert that Plaintiff's claims are barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

5. As for its Fifth Affirmative Defense, Defendants assert that Defendants are entitled to an offset from Plaintiff for Defendants' payment or overpayment of wages or any other monies to Plaintiff which may have been received while employed by Defendants.

6. As for its Sixth Affirmative Defense, Defendants assert that any claims for overtime compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses of any type, compensatory time off, or other job related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

7. As for its Seventh Affirmative Defense, Defendants assert that Plaintiff's claims for liquidated damages are barred because Defendants did not willfully violate and, in fact, acted in good faith regarding the requirements of the FLSA.

8. As for its Eighth Affirmative Defense, Defendants assert that any insubstantial or insignificant period of recorded working time beyond the scheduled working hours of Plaintiff, which is a practical administrative matter cannot be recorded precisely for payroll purposes, were de minimus and were properly disregarded for payroll purposes, in accordance with 29 C.F.R. §785.47.

9. As for its Ninth Affirmative Defense, Defendants assert that it is not subject to liability under the FLSA for any alleged failure to pay any compensation for "preliminary or

postliminary activities," in accordance with Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254.

10. As for its Tenth Affirmative Defense, Defendants assert that some or all of Plaintiff's claims are barred by estoppel, waiver and laches, and are otherwise without merit.

11. As for its Eleventh Affirmative Defense, Defendants assert that Plaintiff's claims are barred as Plaintiff is exempt from the overtime provision of Section 13 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §213(a)(1).

12. As for its Twelfth Affirmative Defense, Defendants assert that Plaintiff's claims are barred by payment in that Plaintiff has received all compensation entitled to him under the FLSA.

13. As for its Thirteenth Affirmative Defense, Defendants assert that Plaintiff fails to state a cause of action under the FLSA because Defendants are not employers within the meaning of the statute.

14. As for its Fourteenth Affirmative Defense, Defendants assert Plaintiff's claims must be reduced and/or barred to the extent that they have failed to mitigate any damages they may have suffered.

15. As for its Fifteenth Affirmative Defense, Defendants assert Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by the Defendants.

16. As for its Sixteenth Affirmative Defense, Defendants assert Plaintiff unreasonably failed to comply with their statutory and common law duties to otherwise avoid harm and to mitigate his damages.

17. As for its Seventeenth Affirmative Defense, Defendants assert Plaintiff's entitlement to any relief which may otherwise be due, which Defendants expressly denies, is limited by the after-acquired evidence doctrine.

18. As for its Eighteenth Affirmative Defense, Defendants assert that if Plaintiff is entitled to any additional wages, the Plaintiff is only entitled to receive half time pay for any wages due to him.

19. As for its Nineteenth Affirmative Defense, Defendants assert cannot set forth the existence of any similarly situated employees.

20. As for its Twentieth Affirmative Defense, Defendants assert that Plaintiff cannot set forth a causal connection between any alleged protected activity engaged in by Plaintiff and any actions taken by the Defendants.

**Defendants reserve the right to raise any additional affirmative defenses as discovery may reveal.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2016, I electronically field the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**LAW OFFICES OF JONATHAN A. HELLER, P.A.**
*Attorney for Defendant*
Seybold Building
36 N.E. First Street,
Suite 310
Miami, Florida 33132
Telephone No.: (305) 372-5000
Facsimile No.: (305) 372-0052
E-Mail: jonathan@jhellerlaw.com

By: _____
JONATHAN A. HELLER, ESQ.
Florida Bar No. 340881

**Service List:**

K. David Kelly, Esq
J.H. Zidell, P.A.
300 71 St Street, #605
Miami Beach, Florida 33141
David.kelly38@rocketmail.com